## SOUTHERN GULF UTILITIES, Inc. v. METROPOLITAN DADE COUNTY WATER AND SEWER BOARD.

No. 64-6-1473.

Circuit Court, Dade County.

November 20, 1964.

Milton E. Grusmark and Sibley, Giblin, King & Levenson, all of Miami Beach, for petitioner.

Thomas C. Britton, County Attorney and Linton R. Lovett, Assistant County Attorney, for respondent.

HAROLD R. VANN, Circuit Judge.

This cause is before the court on a petition for writ of certiorari of Southern Gulf Utilities, Inc., a water and sewer utility, directed to two orders entered by the Metropolitan Dade County Water and Sewer Board. The orders are order no. 64-5 entitled Order on Rate Hearing dated January 14, 1964 and order no. 64-14 entitled Order on Petition for Rehearing dated February 19, 1964. The effect of the orders was to lower the rates of the utility. The court has considered the record herein, read the briefs submitted by counsel, and heard argument of counsel representing the utility and the board.

The controversy between the petitioner utility and the respondent board arises out of the utility's disagreement with the construction and application by the board of a portion of section 23 of Dade County Ordinance No. 60-20 of July 5, 1960 known as the "Metropolitan Dade County Water and Sewer Regulatory Ordinance", which appears as section 32-65(c) of the Dade County Code and reads as follows —

"In fixing and determining just and reasonable rates and charges the board shall investigate and determine the actual legitimate costs of the property of each public utility, actually used and useful or having present value for future use in the public service, which costs as determined by the board shall be utilized for rate-making purposes, and shall be the money honestly and prudently invested by the public utility in such property used and useful in serving the public, less accrued

depreciation, and shall not include any good will or going concern value in excess of payments made therefor."

The utility contends that the board erroneously construed the ordinance in excluding certain items from the utility's rate base, that is, the investment upon which the utility is allowed to earn a return. These items were contributions in aid of construction received by the utility from customers or subdivision developers, contributions in aid of construction receivable, and profits of subsidiaries of the utility. The utility also contends that the board erroneously construed the said ordinance in refusing to allow the depreciation of the said contributions, contributions receivable, and profits of the utility's subsidiaries as operating expenses, that is, as deductions from operating revenue to obtain operating income or the amount of income earned by the utility on its rate base. This court cannot accept the contentions of the utility. It finds that —

1. Under the said ordinance contributions in aid of construction are not "actual legitimate costs" or "money . . . invested by the utility", and may not, therefore, be included in the rate base. Customers should pay a return on the utility's investment and not upon an investment which they or their predecessors have made and donated to the utility.

2. The board treated as contributions certain contributions receivable shown on the utility's accounts as assets and not shown to have been in default or overage. This finding or determination of the board is supported by substantial competent evidence in the record and should not be disturbed.

3. The mandate of "actual legitimate costs" in the ordinance requires the "no profits to affiliates rule" and the exclusion from the utility's rate base of the profits of two of its affiliates, which it sought to include in the cost of construction of its plant.

4. Depreciation as an operating expense under the ordinance is the depreciation of what is in the rate base, that is, of "actual legitimate costs" and "money . . . invested by the utility". It is based upon original cost and not upon reproduction cost or present value. Its purpose is the recovery of the utility's investment and not the future replacement of its facilities. The board, therefore, properly excluded as operating expenses for rate-making purposes the depreciation of profits to the utility's subsidiaries and the depreciation of contributions. When customers or their predecessors have already contributed assets to the utility they are not required under the ordinance to contribute the same assets a second time by the inclusion in their bills of the depreciation of the said assets.

5. The respondent Metropolitan Dade County Water and Sewer Board in entering its Order on Rate Hearing and its Order on Petition for Rehearing has acted on the basis of sufficient competent evidence to support its determinations and has complied with the essential requirements of law.

It is, therefore, upon consideration ordered and adjudged that the petition for writ of certiorari of Southern Gulf Utilities, Inc. is hereby denied, and this cause is hereby dismissed with prejudice.